UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20338-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

LUIS LAVAYEN,

    Defendant.
_____/

## AMENDED REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE WAS before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause.   Pursuant to such reference the Court has conducted a change of plea hearing on May 22nd , 2008 which was attended by the defendant Luis Lavayen, his attorney James McGuirk, Esquire, and Assistant United States Attorney Brian Dobbins.  The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case.  The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned.  The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The plea agreement entered into by the defendant, his counsel, and the government was reviewed by the Court and the defendant, who agreed with its terms and acknowledged freely, knowingly and voluntarily signing it. The Court advised the defendant of the maximum sentence possibilities as to Count 2, to which he was tendering guilty plea. The Court also advised the defendant of the special assessment of $100.00 which must be paid at the time of sentencing.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case including the plea agreement, which he acknowledged that he understood.

6. The defendant pled guilty to Count 2 of the Indictment which charged the defendant with knowingly structuring and assisting in structuring and attempting to structure an importation of monetary instruments for the purpose of evading the reporting requirements of Title 31, U.S.C. § 5316, that is knowingly transports, is about to transport, and has transported, monetary instruments of more than $10,000 at one time to a place in the United States from or through a place outside the United States, in violation of 31 U.S.C. § 5324(c)(3) and 18 U.S.C. § 2.

7. The government recited a factual basis for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty, as well as any possible sentences permitted by law. The defendant acknowledged that he understood the possible maximum sentences that could be imposed pursuant to the applicable statutes. The cause was then referred to the United States Probation Office and **sentencing was scheduled for Thursday, July 22nd, 2008 at 2:00 P.M. before U.S. District Judge Donald M. Middlebrooks, in a Courtroom in the Miami Division to be determined prior to sentencing.**

8. Pursuant to the agreement of the parties and the concurrence of the Court the defendant was permitted to remain released on the bond previously posted. All conditions of release shall remain in effect.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty plea as to Counts 2 of the indictment, that his guilty plea be accepted, that he be adjudicated guilty of such offense, and that a sentencing hearing be conducted for a final disposition of this cause.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

  RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 23rd day of May, 2008.

                _/s/ Barry L. Garber_
                BARRY L. GARBER
                UNITED STATES MAGISTRATE JUDGE