BP:nm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20338-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LUIS LAVAYEN,

        Defendant.
_____/

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States for entry of a preliminary order of forfeiture. Being fully advised in the premises and based on the motion of the United States and the record in this matter and for good cause shown thereby, the Court finds as follows with respect to forfeiture in this action as to defendant LUIS LAVAYEN (hereinafter referred to as "defendant"):

    1.    In the Indictment in the above-styled case the government sought forfeiture of the defendant's interest in all property involved in, and all property traceable to such property, in violation of, <u>inter alia</u>, 31 U.S.C. § 5324(c)(3), (Count 2) including:

        **United States currency in the amount of
        $18,900 seized April 6, 2008.**[1]

---

[1] The amount alleged for forfeiture in the Indictment was $18,700. It was subsequently learned that $18,900 was actually seized.

2. On May 22, 2008, defendant entered a plea of guilty to Count 2 of the Indictment and the violation of 31 U.S.C. § 5324(c)(3) and agreed to forfeit all of his right title and interest in the above described property.

Therefore, in consideration of the Plea Agreement between the defendant and the United States, and upon motion of the United States and for good cause shown thereby, it is hereby:

ORDERED that,

1. All right, title and interest of defendant LUIS LAVAYEN in the following property is hereby forfeited to the United States of America pursuant to 31 U.S.C. § 5317(c)(1):

> **United States currency in the amount of $18,900 seized April 6, 2008.**[2]

2. The United States Customs and Border Patrol, or any duly authorized law enforcement official, shall seize and take custody of the property identified herein above as forfeited under this order pursuant to 31 U.S.C. § 5317(c)(1).

3. The United States shall cause to be published at least once, in a newspaper of general circulation, notice of this Order as required by 21 U.S.C. § 853(n)(6).[3] The United States shall state in the notice that any person, other than the defendant,

---

[2] The amount alleged for forfeiture in the Indictment was $18,700. It was subsequently learned that $18,900 was actually seized.

[3] The procedures at 21 U.S.C. § 853 are incorporated by 31 U.S.C. § 5317(c)(1)(B).

2

having or claiming a legal interest in the property ordered forfeited by this order must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the notice that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and shall set forth any additional facts supporting the petitioner's claim and the relief sought.

4. The United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property that is subject of the Order of Forfeiture, in addition to the published notice.

5. The United States is further authorized, pursuant to 21 U.S.C. §§ 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property ordered forfeited herein or in order to expedite ancillary proceedings related to any third party petition claims filed with respect to the forfeited property.

It is further

3

ORDERED that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Customs and Border Protection, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

DONE AND ORDERED at West Palm Beach, Florida this 20 day of June 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: AUSA Barbara Papademetriou (1 certified copy)

4